## Craig *versus* Gregg *et al.*

## Houston *versus* Same.

An individual stockholder cannot maintain a separate action at law against the directors of a corporation for damages sustained by reason of the negligence of the directors. The remedy of the stockholder must be in a form to protect the interests of the corporation as the trustee for all the stockholders and the creditors.

October 5th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1875, Nos. 251 and 252.

These were actions on the case, brought, respectively, by Mary A. Craig and Harriet Houston, stockholders, against David Gregg and others, directors of the Security Trust Company, to recover the amount they had paid in on the stock of the company, which they alleged was rendered worthless by the negligence of said directors.

The company was incorporated under the provisions of the Act of April 12th 1866 and its supplements, and did a banking business in the city of Pittsburgh, from January 1872 to September 1873, when it suspended and made an assignment for the benefit of creditors. An investigation disclosed the fact that the entire capital stock of the company had been lost, and that its assets were insufficient to pay its creditors, and these actions were brought by plaintiffs to recover damages for the losses they had sustained, as they alleged, through the negligence of the directors in the discharge of their duties.

At the trial, the plaintiffs gave evidence to show that James T. Brady, of the firm of James T. Brady & Co., who was a director and vice president of the company, was the chief instrument in organizing the company and obtaining subscriptions to its stock;

[Craig *v.* Gregg.]

that said Brady was permitted by defendants to assume entire control of the management of its affairs, and had, with their knowledge, circulated printed circulars, falsely representing that certain responsible parties were trustees of said company, and that although defendants knew that said Brady was engaged in hazardous speculative enterprises, they had intrusted with him on deposit the large sum of $168,000, without taking any security therefor, and which, through the failure of Brady & Co., was totally lost, thereby causing the suspension of the Trust Company.

When the plaintiffs' evidence was all in, the defendants moved for nonsuits, on the ground, inter alia, that plaintiffs, as stockholders, could not maintain separate actions against the directors for the redress of damages sustained by them in common with the other stockholders, and the court granted the nonsuits, with leave to move the court in banc to take them off.

The court in banc refused to take off the nonsuits, White, J., in an opinion, saying,

" But there is another ground on which I think the nonsuit was proper. This is a common-law action for negligence against the directors of the bank. The negligence charged is a neglect of duty by which the entire capital of the company was lost and the institution became insolvent. The plaintiff charges no act of negligence by which she was specially injured. The acts charged affect alike the defendants and all other stockholders, and all the creditors of the institution. The principle which would allow a common-law action against the directors by each stockholder for a total loss of his stock, would sustain such an action for a partial loss or for a depreciation in the market price. If such is the law, who will act as a director ?

" But further, the creditors of the bank have a prior claim to the stockholders ; for the stockholders elected the directors as their agents. If those agents have lost the funds of the stockholders, and also of innocent parties, intrusted with them, as the agents of the stockholders, these innocent parties should be paid first. Yet, if each stockholder can maintain his individual action against the directors, a few of them might bankrupt the directors and leave nothing for the creditors or the other stockholders.

" The only way I conceive to do justice in such a case and work out the equities of the various parties, would be by a bill in equity, or a common-law action in the name of the corporation. The fraudulent acts of Brady might possibly have justified a verdict against him ; but the plaintiff's counsel declined to take that, frankly admitting that a verdict against him was not what he wanted. As Brady was worth nothing, this verdict would be fruitless."

This writ was taken by plaintiffs, who assigned the judgment of the court and the refusal to strike off the nonsuits as error.

*Archibald Blakeley*, for plaintiffs in error.—In support of the

[Craig v. Gregg.]

right of stockholders to maintain these actions against the directors of a corporation, the following authorities were submitted: Slaymaker v. Bank, 10 Barr 375; Dock Company v. Heron, 2 P. F. Smith 280; Railway Co. v. Stutler, 4 Id. 379; Kimmel v. Stone, 6 Harris 155; Kimmell v. Geeting, 2 Grant 125; Coleman v. Columbia Oil Co., 1 P. F. Smith 74; Bank of Montgomery v. Reese, 2 Casey 146; Id. 78; Crook v. Jewett, 12 Howard Pr. 19; Butts v. Woods, 37 N. Y. Appeals 317; Buell v. Warner, 33 Vermont 570.

*M. W. Acheson, R. B. Carnahan, E. S. Golden* and *W. H. & A. N. Sutton,* for defendants in error.—The plaintiffs cannot maintain their actions; and relief, if they are entitled to any, must be sought either by a bill in equity or by a common-law action in the name of the corporation. The plaintiffs have sustained no loss that is not common to all the other stockholders, nor have they special ground of complaint against the defendants. That the corporation itself may maintain an action against the board of directors, in a proper case, for their gross negligence whereby the capital or assets of the corporation are lost or impaired, would seem to be indisputable. In such an action, would not the recovery be the amount of the loss? And is it possible that every individual stockholder can have his action? Suppose there be one hundred stockholders, and ninety-nine of them having brought separate actions, had recovered, would the judgments in these cases bar an action by the corporation? or would such recoveries affect the measure of damages in a suit brought by the corporation? It seems not, because the corporation would recover primarily for its creditors. Such grievance can only be properly redressed so as to do justice to all parties in interest, to wit, the creditors, the corporation and the individual stockholders, in one of the two modes already suggested—a bill in equity, or a common-law action by the corporation.

The judgment of the Supreme Court was entered October 16th 1876,

PER CURIAM.—We are of opinion that the alleged injury to the plaintiffs, as individual stockholders in these cases, cannot be redressed by an action at law for negligence, against the directors of the bank. The remedy must be in a form to protect the interests of the corporation as the trustee for all its stockholders and the creditors. Whether it should be by an action in the name of the corporation against the negligent directors or a bill in equity against both, it is not necessary to decide, as the case is now presented.

Judgments affirmed.