## Appeal of Passyunk Building Association *et al.*

1. A decree in equity to be supported by a prayer for general relief must be consistent with the case presented by the pleadings and the relief specifically sought.

2. Where the accounts are all on one side and no discovery is sought equity will not entertain jurisdiction.

February 5th 1877. Before SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. AGNEW, C. J., and WILLIAMS, J., absent.

Appeal from a decree of the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1876, No. 263. In Equity.

This was a bill in equity, filed by Dennis Hamilton against the Passyunk Building Association and James P. McCloskey, which set forth that the building association was a body corporate, created by the Court of Common Pleas and having the powers of a building and loan association, under the Act of April 12th 1859, Pamph. L. 544; that plaintiff has held ten shares in said association since 1868; that by article 7 of its by-laws each member is bound to pay one dollar per month to the treasurer, and that the plaintiff had thus paid in $620; that article 2 of the charter provides that stockholders having taken no loan, and wishing to withdraw from the association, shall be entitled to receive from the treasurer the amount of dues actually paid in by them, first deducting all fines and forfeitures and a portion of all losses incurred; " and also, that stockholders wishing to withdraw shall give one month's notice to the board of directors of such intention;" that plaintiff had taken no loan and gave such notice, yet no action has been taken thereon, and he has not been repaid the sum due him; that said association has not met for six months, and its assets and books are in the possession and under

[Passyunk Building Association's Appeal.]

the control of McCloskey, its president, who refuses to deliver the same, or apply said assets to the purposes of the association, and to disclose what said assets are; that said assets are sufficient to repay the plaintiff and other withdrawing parties, if any such there are.

The prayer was:—

1. That an account be taken between the defendant, James P. McCloskey, and said association, and he be decreed to pay to them what, if anything, shall be found due to them upon such account.

2. That the said association be decreed to pay to the plaintiff the sum due to him as a withdrawing member, and that an account be taken between said association and plaintiff for that purpose.

3. Such other and further relief as shall seem meet.

The answer of defendants, in substance, was that the court had no jurisdiction of the subject-matter set forth in the bill, the claim of the plaintiff consisting of a single item, for which he had an adequate remedy at law; that there are no funds in the treasury applicable to the demands of withdrawing stockholders; that plaintiff did not give notice of his wish to withdraw; that all the moneys of the association are in the hands of three borrowers, who severally gave their bonds and mortgages to repay the same, and who have refused to pay their monthly dues and interest, and have conspired to defraud the association of the amounts due by them, and in pursuance of this combination had filed a bill in equity to have said mortgages cancelled, which had subsequently been discontinued; that the present suit is brought by the plaintiff acting in concert with these three borrowers and others, with the intention of destroying the association and of defrauding the members thereof out of their just dues; that it is true the association had not met for six months, but this was owing to the default of these conspiring parties and of the plaintiff in not attending the meetings; that said McCloskey has never refused to deliver up the assets, and no demand was made for the same, nor has he refused to apply the assets to the legal purposes of the association, &c.

By the report of the master to whom the bill and answer were referred to take testimony and report, it appeared: That the association had, what the witnesses termed, a "break-up," in December 1872; that previous thereto a large number of persons gave notice of their intention to withdraw, and that after their withdrawal and the amounts due them were paid there remained in the hands of the treasurer about $2300, which were handed over to Mr. McCloskey. After the "break-up" several meetings were held, at which sums amounting to $617.57 were received, and also paid to McCloskey, and that a Mr. Carney owned a house upon which a mortgage was held by the association, the amount of which, $775, was paid over to McCloskey after the "break-up."

McCloskey himself testified before the master, that the plaintiff never gave notice to withdraw; that he, McCloskey, never refused

[Passyunk Building Association's Appeal.]

to disclose the amount of the assets; that the association was indebted to him; that he had nothing in his hands to pay these parties, and there were no funds in the treasury.

The master reported that he was of opinion that sufficient evidence was produced for the purpose of tracing a large sum of money to the possession of McCloskey, from which he awarded plaintiff's full claim, with interest from the date of his last payment to the association.

The defendants filed a number of exceptions to this report, among which were the following: That such an account as was prayed for by the bill was not taken, nor stated by the master; that the master does not report that the required notice was given; that he erred in making a decree that McCloskey should pay the plaintiff's claim, and not that the same should be paid by the association, it appearing to have sufficient assets; that the court had no jurisdiction, and could confer none upon the master, as plaintiff had his remedy at law.

The court dismissed the exceptions, and made a decree that McCloskey should pay the $620, with interest, together with the fee of the master.

From this decree this appeal was taken.

*Robert P. Dechert*, for appellants.—Equity will not entertain jurisdiction where the plaintiff has an adequate remedy at law: Gloninger v. Hazard, 6 Wright 389; Butler v. Ardis, 2 McCord C. R. 71. Nor where the accounts are all on one side and no discovery is sought or required: Brightly's Eq., sect. 125; Bank of U. S. v. Biddle, 2 Pars. 54; 1 Story's Eq., sects. 458–9; Bispham's Eq. 483. To sustain a bill for an account there must be mutual demands: Porter v. Spencer, 2 Johns. C. R. 169; Pearl v. Corporation of Nashville, 10 Yerger 179; Phillips v. Phillips, 9 Hare 471; Padwick v. Hurst, 18 Beav. 575.

The decree of the court does not follow the prayer of the bill. It orders McCloskey to pay directly to plaintiff. The relief to be granted under a general prayer, must not only be consistent with the prayer for specific relief, but must be sustained by the case made by the bill: Thomas v. Ellmaker, 1 Pars. 98; Delaware & Hudson Canal Co. v. Penna. Coal Co., 9 Harris 131.

The suit should be in the name of the corporation where there is a misapplication of the corporate funds by the officers of a company: Brightly s Eq. 534; Robinson v. Smith, 3 Paige 233. And if they refuse by collusion or otherwise, then it must appear that the relief sought by the suitor is in its nature beneficial to all concerned, or his bill will be dismissed: Hill v. Commissioners of Kensington, 1 Pars. 501.

*Andrew J. Maloney*, for appellee.—The plaintiff had no adequate remedy at law. The association had disbanded; there were no

directors or officers in existence, and no proper process could be had against any one at law. McCloskey held the moneys, not as treasurer or other officer authorized by law, but arbitrarily became the custodian of them, and as such he was liable to account to plaintiff and others to whom the moneys belonged.

Mr. Justice WOODWARD delivered the opinion of the court, May 7th 1877.

In the condition of the Passyunk Building Association existing when this bill was filed, the necessity for a proceeding in equity to adjust and secure the rights of its members was manifest. · Dissensions had grown up, arrears of monthly dues were increasing, and no meeting had been held during the preceding six months. Payments on account of loans they had obtained were refused by the debtors of the association, and its cash means were alleged to be wholly in the possession of James McCloskey, its president, and the individual defendant in this suit. The collusive neglect or refusal of the managers of a corporation to proceed against officers who have wasted or misapplied its funds, justifies the individual stockholders in filing a bill in their own names: Robinson *v.* Smith, 3 Paige 233. And if stockholders are so numerous as to make it impossible or very inconvenient to bring them all before the court, a part may file a bill in behalf of themselves and all others standing in the same situation: Langolf *v.* Seiberlitch, 2 Pars. 64. This bill was filed by the plaintiff alone, and not on behalf of other stockholders, and its special purpose was to recover the amount of the monthly payments he had made. The prayer for relief, however, asked for an account between McCloskey and the association, and the payment of any amount that should be found in McCloskey's hands. Whether equity can be administered under the pleadings as they stand, or amendments may be required to introduce new parties and enlarge the prayer for relief, will be for the consideration of the Common Pleas after the record shall be remitted.

While the pleadings and the facts disclosed in the master's report presented at least the frame of a case warranting the intervention of a court of equity, the decree was for the payment of a sum of money that could have been made the subject of a legal action. It was an entire departure from the theory on which the suit was based. The bill had asked, 1. That an account should be taken between McCloskey and the association, and that he should be decreed to pay what, if anything, should be found due on such account; 2. That the association should be decreed to pay to the plaintiff the sum due to him as a withdrawing member, and that an account should be taken between the association and the plaintiff for that purpose; and 3. " Such other and further relief as should be deemed meet." The terms of the decree required McCloskey to pay the plaintiff the sum of $620, with interest from the 9th of September

[Passyunk Building Association's Appeal.]

1873, and costs of suit. This was too divergent from the case which the pleadings presented, as well as from the relief specifically sought, to be supported under the prayer for general relief. "The rule on this subject is, that although, where the prayer does not extend to embrace all the relief to which the plaintiff may at the hearing show a right, the deficient relief may be supplied under the general prayer; yet such relief must be consistent with that specifically prayed, as well as with the case made by the bill:" King, President, in Thomas v. Ellmaker, 1 Pars. 98.

If, individually and directly, McCloskey was liable to the plaintiff for the amount of this claim, the liability could have been enforced in an action at law. The claim involved no such question growing out of disputed accounts as would give a court of equity jurisdiction. "It may be laid down as a general doctrine that in matters of account arising from privity of contract, courts of equity have a general jurisdiction where there are mutual accounts (and a fortiori, where those accounts are complicated); and also when the accounts are on one side only, but a discovery is sought, and is material to the relief. And, on the other hand, where the accounts are all on one side, but no discovery is sought or required, courts of equity will decline to take jurisdiction:" 1 Story's Eq., §§ 458–9. So far as the claim of the plaintiff here was established by the decree, it consisted of a single cash item of $620 against the association. Discovery was neither sought nor required, nor, as the decree stands, could it have been material to the relief. It is a manifest perversion of the machinery of a court of equity to employ it for the production of such a result as this proceeding reached.

It was objected at the argument that the requisite notice by the plaintiff of his intention to withdraw from the association was not shown to have been given. The fact of notice was asserted in the bill and denied by the answer and by Mr. McCloskey's testimony before the examiner. The master did not pass on the question. His decision was rested on the ground that "sufficient evidence was produced for the purpose of tracing a large sum of money to the possession of McCloskey." The report was inadequate to meet the exigencies of the cause, and the question of notice, with the other questions presented, will go before a master hereafter to be appointed.

The decree is reversed, the master's report set aside, and the record remitted for further proceedings.