## Kate E. Silvis, *v.* Daniel C. Clous, Appellant.

*Practice—Jurisdiction—Equity.*

After hearing on bill and answer, when the master has found against the plaintiff on the averments upon which, if true, the equitable jurisdiction of the court would attach, it is error to employ the equitable process of the court to enforce a right which the plaintiff may have at common law. The proper practice in such instance is to dismiss the bill. The question of jurisdiction may be raised at any period in the case.

Argued Nov. 18, 1895. Appeal No. 12, Nov. T., 1895, by defendant, from the decree of C. P. Berks Co., Equity Docket, 1892, No. 564. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKMAN, McCARTHY and ORLADY, JJ. Reversed.

The plaintiff filed a bill in equity, alleging a partnership with defendant. The partnership was denied by defendant.

The master found that there had never been any partnership entered into between the parties, but that a partnership had previously been entered into between D. Benton Silvis, the husband of the plaintiff, and Daniel C. Clous, the defendant, and incidentally that the money paid into the firm of Clous & Silvis by said D. Benton Silvis as his share of the capital stock was given to him by his wife, Kate E. Silvis, the plaintiff, and that she is therefore entitled to this money and interest from the defendant. A decree was recommended in favor of plaintiff for the sum of $320.

After argument upon exceptions to the master's report, the court confirmed the report of the master, saying, inter alia: " The real cause of action, as found by the master to exist, was within the common law jurisdiction of the same court. It was competent for the parties to consent to the granting of the appropriate relief under the equitable form of remedy. The failure of the defendant to dissent from the application of this remedy, in the manner in which, under our equity practice, he might have done so, viz., by excepting to the recommendations of the master, is a sufficient acquiescence to estop him from objecting to their approval now." And costs were ordered to be equally borne by the parties.

42          °SILVIS *v.*. CLOUS, Appellant.

Assignments of Error—Opinion of the Court. [1 Super. Ct.

*Errors assigned* were as follows : (1 ) Entry of decree against the defendant, after the master had found against the complainant on every averment of her bill; (2) want of jurisdiction; (3, 4) not dismissing the bill.

*O'Reilly & Deysher*, for appellant.—The bill should have been dismissed: Ahl's App., 129 Pa. 59. After hearing, the question of jurisdiction depends on the proof: Adams's App., 113 Pa. 449. The want of jurisdiction may be taken advantage of at any stage of the case: Fidelity Trust Co.'s App., 39 Leg. Int. 306; Black v. Black, 34 Pa. 354; Musselman's App., 101 Pa. 169.

*H. P. Keiser*, with him *William J. Rourke* and *John F. Smith*, for appellee.—The position of the appellee is fully sustained by the authorities. In the case of Searight v. Bank et al., 162 Pa. 504, it was decided that " a bill in equity for an account will not be dismissed although there may be an adequate remedy at law, after the defendant has permitted the case to go to a master, and all the testimony has been taken, and the report of the master filed." Adams's App., 113 Pa. 449; Shiletto v. Shiletto, 160 Pa. 167, and Drake v. Lacoe, 157 Pa. 17, are also cases in point.

In Allison's App., 77 Pa. 221, the Supreme Court decided: " As a general principle, when a court of equity has obtained jurisdiction for one purpose, it may retain it generally for relief, as well in cases of continuing trespass and waste, as in cases of fraud, accident, mistake and account."

"Where the jurisdiction has once been properly acquired by a court of equity, it will retain the case and settle matters between the parties which do not afford original ground of jurisdiction:" 6 Amer. & Eng. Ency. of Law, 693.

The appellant relies mainly upon Ahl's App., 129 Pa. 61. This case does not apply, because the master in the present case did not find against the appellee on every fact alleged in the bill, as was done in the Ahl case.

Opinion by Beaver, J., December 17, 1895 :
The plaintiff in this case filed a bill in equity in the court of common pleas, alleging the existence of a subsisting partner-

ship between her and the defendant, mismanagement of the same, misappropriation of partnership funds, and failure to account to her for her share of the profits; and praying for a dissolution of the partnership, an accounting by defendant, and the appointment of a receiver. The defendant specifically denied all the allegations of the bill.

The case was referred to a master, who, after taking testimony and carefully considering the same, found as matter of fact that no such partnership existed or had ever existed, and that the plaintiff was not entitled to an account, nor did he find any facts entitling the plaintiff to equitable relief. He found, however, as a fact, that a partnership did exist between the plaintiff's husband and the defendant, and that said partnership was indebted to said plaintiff in the sum of $350, credited upon the books of the partnership as a contribution from the plaintiff to its capital stock, which the defendant had promised, if his partner assented, to secure, and recommended that a decree be entered, adjudging and decreeing that the defendant pay to the plaintiff the sum of $350, with interest from June 2, 1890, and that the costs be divided between plaintiff and defendant. Exceptions were filed to this report by the plaintiff, but none by the defendant. The exceptions of the plaintiff were dismissed, and, before the entry of the decree by the court, the defendant formally objected to its being entered, on the ground that the court had no jurisdiction, and that "a decree could not be entered for the payment of any demand cognizable in a court of law." This objection was entered upon and made part of the record. The court overruled the objection, on the ground that it came too late; that the proper time to take advantage of lack of jurisdiction was upon exceptions to the report of the master, to be filed, in accordance with the rule, before him, and directed the terms of the decree recommended by the master to be carried out. From that decree the defendant appealed to this court.

A single question is raised by the four several assignments of error made by the appellant, namely: Jurisdiction having been properly assumed by the court of common pleas sitting in equity, and the testimony in the case, when heard and considered by a master, having failed to establish ground of equitable relief, but showing good ground for recovery in an action at

law in the same court; should the court, notwithstanding the fact that the defendant failed after due notice to file exceptions to the report of the master, refuse to enter said decree, and dismiss the bill and all proceedings thereunder, when requested so to do by motion entered of record before the final entry of such decree? The question presented is important and not free from difficulty. The learned judge in the court below admitted that, had the objection to the jurisdiction of the court " been taken by way of exception before the master, it is altogether likely, under Passyunk Building Association's Appeal, 83 Pa. 441, and Ahl's Appeal, 129 Pa. 49, 62–64, it would have been bound to prevail."

We are of opinion that the principles laid down in these cases are applicable to and practically govern this case. In Building Association's Appeal, supra, Mr. Justice WOODWARD, delivering the opinion of the court, says : " While the pleadings and the facts disclosed in the master's report presented at least the frame of a case warranting the intervention of a court of equity, the decree was for the payment of a sum of money that could have been made the subject of a legal action. It was an entire departure from the theory on which the suit was based." In Ahl's Appeal, supra, Mr. Justice WILLIAMS, in delivering the opinion of the court, says : " The plaintiff stated a case in his bill that was cognizable in equity, but he failed to prove it. The master found against him on every averment on which his right to equitable relief rested. He was shown to be without equity, and for that reason the court was without jurisdiction or power to proceed, when it reached after a cause of action belonging to a court of law, and not even suggested in the plaintiff's bill, it was not adapting relief to a case properly before it, but usurping the jurisdiction of a court of law."

The bill in the case which we are considering undoubtedly gave a court of equity complete jurisdiction, but the facts as found by the master as completely ousted its jurisdiction. It is clear that the defendant could not have demurred to the bill, nor would an answer averring lack of jurisdiction have availed him. He met every allegation of the bill in his answer. The master found every fact, which gave a court of equity jurisdiction, in his favor, and yet recommended a decree requiring him to pay to the plaintiff a sum of money, not only recoverable in a court

of law, but which was, according to the report of the master, itself the debt of a partnership of which the defendant was only a member.   We are in hearty accord with the court below in its desire and effort to give full force and efficacy to the rules of the Supreme Court governing our equity practice; they must be held applicable, however, to the conduct of cases in which there is equity jurisdiction.

When the master recommended a decree which would compel the defendant to pay a sum of money which could be recovered only in a court of law, in a suit against the partnership of which the defendant was a member, he exceeded the power of a court of equity, and reached after a cause of action which was not within its control.

The cases referred to by the learned court below as justifying its refusal of the plaintiff's formal motion, entered of record before the decree in this case was made, which motion was based upon the report of the master, that the court of equity has no jurisdiction, and that "a decree cannot be. entered for the payment of any demand cognizable in a court of law," are those in which it was apparent, on the face of the bill itself, that the question of jurisdiction was doubtful, and that therefore the defendant should have taken advantage of the lack of jurisdiction or of the doubt as to jurisdiction by demurrer.

In the case of Searight, Assignee, v. Carlisle Deposit Bank, 162 Pa. 505, the court below, upon whose opinion the case was affirmed, says: "If the case were one clearly not cognizable in equity, or one in which equity forms were inadequate for the purposes of justice, we would feel bound to arrest. it even at this late stage, but no such conditions are presented. At most, it is only questionable whether the bill discloses a case for which no adequate remedy exists at law." All of the cases cited expressly recognize the right and, we may say, the duty of the court to arrest the proceedings at any stage of the cause, when lack of jurisdiction appears. So long as the clearly defined distinction between law and equity is maintained in Pennsylvania, we are bound to give to every party claiming them whatever rights or supposed rights he may be able to avail himself of in a court of law.

In Shillito v. Shillito, 160 Pa. 167, Mr. Justice McCOLLUM

quoted with entire approval the language of the present Chief Justice of the Supreme Court, in Adams's Appeal, 113 Pa. 449, in which it is said: "While it is true that manifest want of jurisdiction may be taken advantage of at any stage of the cause, the court will not permit an objection to its jurisdiction to prevail in doubtful cases after the parties have voluntarily proceeded to a hearing on the merits, but will administer suitable relief."

In the present case the question of jurisdiction is not doubtful. The report of the master very clearly indicates the remedy and the parties. The remedy is in a court of law; the parties should be Daniel C. Clous and D. Benton Silvis, trading under the firm name of Clous & Silvis. The defendant interposed his objection to the jurisdiction of the court practically at the first time at which it could be effectively made.

We are of opinion that the learned court below should have granted the defendant's motion, refused to enter the decree recommended by the master and dismissed the bill. This upon general principles, from which we deem it dangerous to depart. The circumstances of this case are particular, and need not be recounted. It is desirable that litigation should cease, and we would be glad to stop it, if we could do so, consistently with the principles herein set forth.

Under all the circumstances of the case, we are further of the opinion that the costs in the court below should be paid as provided in the decree of that court, to wit: "That Kate E. Silvis, the plaintiff, pay one half of the costs incurred, and that the defendant, Daniel C. Clous, pay the other half thereof."

It is therefore adjudged and decreed that the decree of the court below be reversed, the report of the master set aside and the bill dismissed, the costs in the court below to be paid as hereinbefore indicated, and the costs of this appeal to be paid by the appellee.