## Parsons v. Bradford.

*Equity practice — Jurisdiction attacked in limine by demurrer — Act of June 7, 1907.*

Where, in a bill in equity, the claim of the plaintiff is for damages for breach of a contract for the delivery of stone, and an allegation of fraud and a request for an accounting are only incidental thereto, upon a demurrer filed, setting up adequacy of the remedy at law, the cause will be certified to the law side of the court under the Act of June 7, 1907, P. L. 440.

Demurrer to bill in equity. C. P. Lehigh Co., Jan. T., 1921, No. 2.

*Grim & Grim* and *Dewalt & Heydt,* for plaintiff.

*C. William Fried* and *Francis J. Gildner,* for defendant.

HENNINGER, J., June 6, 1921.—In the above case a bill in equity was filed in the Court of Common Pleas of Lehigh County on Nov. 22, 1920, by the plaintiff, complainant. The defendant, on Dec. 13, 1920, filed a demurrer, and in the sixth and seventh paragraphs thereof avers and pleads as follows:

"6. If there is any liability whatsoever from the defendant to the plaintiff on the contract on which this suit is brought, the plaintiff has a full, adequate and complete remedy at law.

1 D. & C.

Parsons v. Bradford.

"7. If there is any liability whatsoever to the plaintiff of and from the defendant on the contract on which he seeks the relief as prayed for, such contract shows that the plaintiff is not entitled to equitable relief, but that plaintiff thereunder has a full, complete and adequate remedy at law for any alleged breach thereof."

The court has carefully examined the allegations in the plaintiff's bill of complaint and the agreement thereto annexed and marked Exhibit "A." The court has reached the conclusion as a matter of law from such an examination that the claim of the plaintiff against the defendant is to be recovered by an action in *assumpsit* for damages for breach of contract. An incidental allegation of fraud and a request for an accounting do not take the case away from the law side of the court. The claim is for damages for breach of a written contract, modified in some particulars by parol. The plaintiff has an adequate remedy at law, and the court decides *in limine* that equity has no jurisdiction upon the bill and demurrer filed in the case, as the plaintiff has an adequate remedy at law.

In reaching this decision, the court was guided by the principle of law enunciated in the following cases here cited:

In the case of Holland v. Hallahan, 211 Pa. 223, 225, Fell, J., rendering the opinion, decides as follows: "Equity will take jurisdiction on the ground of account, notwithstanding that the accounting involved is on one side only, if it is complicated as seriously as to embarrass the remedy at law and in cases where discovery is needed and is sought. But it will not take jurisdiction where there is no relation of trust and the accounting is not complicated and is merely a basis for ascertaining damages: Gloninger v. Hazard, 42 Pa. 389; Grubb's Appeal, 90 Pa. 228; Pittsburgh & Connellsville R. R. Co.'s Appeal, 99 Pa. 177; Graham v. Cummings, 208 Pa. 516. Jurisdiction has been taken in cases where the accounts were not mutual, but ascertainment of the amount due involved the examination of the whole business of the defendant, as where an agent was entitled to a share of the net profits of a business as compensation for service, or the owner of a patent was entitled to a share of the profits derived from the manufacture and sale of a patented article by his licensee. But our cases have not gone further than to hold that a bill by an agent or employee for commission or salary will be sustained where the amount due is uncertain and to be determined by ascertaining the profits of a business, or the accounts are so complicated as to make it impossible to obtain an intelligent result by a jury trial. If we went further than this, we should have difficulty in finding a logical stopping place."

In the case of Koch & Balliet's Appeal, 9 W. N. C. 343, 346, Sterrett, J., in delivering the opinion of the court, decides:

"Assuming, then, that appellants neglected and refused to work the mines with reasonable diligence, it is very clear that the appellees had a complete and adequate remedy at law for the recovery of such damages as they may have sustained.

"There was no allegation of fraud, accident or mistake in the procurement or execution of the agreement, nor was there anything alleged or shown that would justify a mandatory order on the appellants, requiring them to proceed and prosecute the work of mining within a specified time, on pain of forfeiting their rights under the agreement. Nor could it be justly claimed that proceeding in equity, a multiplicity of suits would be avoided. While the agreement remains in force, the right of action must necessarily depend on breaches of its provisions, and, *non constat*, that any will occur hereafter. The only claim that has been made and sustained with any degree of success

is the demand for damages resulting from a breach of the agreement, and for that there was no doubt an adequate remedy at law. Where proper ground for equitable relief is laid and sustained, and jurisdiction has thus attached, courts of equity will proceed to award compensation or damages when they are incidental to such relief, but not otherwise. We think the conclusion reached by the master in both of his reports, that the bill should be dismissed, was correct."

The decision in the case of Strause v. Berger, 220 Pa. 367, by Fell, J., states the principle of law involved as follows: "On the question of jurisdiction, the case is near the border-line. The general rule undoubtedly is that the specific performance of contracts for the sale of personal property will not be enforced for the reason that ordinarily compensation for the breach of the contract may be had by way of damages. A well-recognized exception to the rule is where the thing contracted for cannot be purchased in the market, and, because of its nature or the circumstances, the delivery of the thing itself, and not mere pecuniary compensation, is the redress practically required: McGowin v. Remington, 12 Pa. 56. 'The general rule is not to entertain jurisdiction to decree a specific performance respecting goods, chattels, stocks, choses in action and other things of a merely personal nature; but the rule is qualified and is limited to cases where the compensation in damages would furnish a complete and satisfactory remedy:' Notes to Cuddee v. Rutter, 1 Lead. Cases in Eq. 1099. Ordinarily, a complete remedy may be had in an action at law for the breach of such a contract as that under consideration, but in this case we have the finding that the timber had a special value to the plaintiff for the use for which he bought it, because of its quality and because of the difficulty of procuring such timber in the locality in which his business was conducted. The case does not differ in principle from that of Vail v. Osburn, 174 Pa. 580, where a contract to cut and deliver bark to a tannery from trees in proximity to it was enforced."

In the case of Pittsburgh & Connellsville R. R. Co.'s Appeal, 99 Pa. 177, Green J., after stating the facts of the case, files the following opinion:

"Returning to the consideration of the principal contract involved in this controversy, we find that the injury complained of is the non-payment of moneys which would be due to the plaintiffs if the defendant continued to maintain and work the line. For the time that it was working according to the agreement, the moneys actually received were in good faith divided. The plaintiffs have no ownership of the telegraph line. They have no right to participate in working it. The defendant has the exclusive right to take the earnings, and when they are received, they are the sole property of the defendant. After their receipt arises the obligation to pay to the plaintiffs a sum equal to one-half of the amount received. Surely this is but a bare pecuniary obligation, the breach of which is fully and adequately compensated by a recovery in damages of the amount which ought to be paid.

"And so, also, if the defendant fails to carry on the business according to the agreement, and by reason of such failure does not receive the moneys which would have come to hand had the business actually been conducted, here, again, is but a breach of contract which can be compensated in damages. In either or any aspect of the case, therefore, the remedy of the plaintiffs is adequate and ample by action at law. In the present case there is no element of specific performance, and a decree to that effect could not have been made if it had been asked. No such prayer, however, is contained in the bill. There is no matter of fraud, mistake, accident, trust, discovery or mutual account in the bill or in the case, and, hence, we are unable to perceive any species of

1 D. & C.

### Parsons v. Bradford.

equity jurisdiction upon which a decree can be founded. The only accounting that can enter into the case is unilateral, and even that is only a basis for ascertaining damage. The authorities applicable to the controversy are quite familiar, and only a brief reference to a few of them is required. In Gloninger v. Hazard, 42 Pa. 389, 401, we said: 'There is no doubt of our concurrent jurisdiction with courts of law in matters of account, where the accounts are mutual and complicated, and also where they are all on one side, but discovery is sought and is material to the relief. . . . But, on the other hand, where the accounts are all on one side and no discovery is sought or required, courts of equity will decline taking jurisdiction of the cause.' See, also, 83 Pa. 441; Kauffman's Appeal, 55 Pa. 383. A complainant averred that he agreed to sell a lot to the defendant, he to pay at the same rate as he paid others, and that he paid others at a rate which he refused to pay to complainant, and prayed for specific performance. *Held*, that the agreement was simply for the payment of money, and complainant had an adequate remedy at law: Koch & Balliet's Appeal, 9 W. N. C. 343. Where a right to mine is granted in consideration of a royalty reserved, the law implies a covenant by the grantee to work the mine with diligence, so that the grantor may receive the contemplated compensation; but, in the absence of special grounds of equity jurisdiction, such covenant will not be specifically enforced in equity, an action at law for damages being an adequate remedy. See, also, Grubb's Appeal, 90 Pa. 228.

"It is unnecessary to prolong the citations. We are of opinion that the plaintiffs have an adequate remedy at law, and that there are no special grounds of equitable relief exhibited. In such cases there is no jurisdiction in equity to entertain the complaint or make any decree."

The plaintiff in his bill, by paragraph 8, makes the short averment as follows:

"8. That the same kind and quantity of stone cannot be purchased by the plaintiff in the upon market."

The word "upon" no doubt is a clerical error and should be "open." Nowhere in the bill does the plaintiff allege the business he is engaged in, nor for what purposes the stones were to be used by him; nor are the quality of the stones to be quarried mentioned in the bill. The agreement itself, which is the foundation for the plaintiff's bill in equity, is silent on these matters. The statement contained in the eighth paragraph of the plaintiff's bill is the allegation of a conclusion without the statement of any facts from which the conclusion is arrived at. The construction of the terms of the agreement is for the court; but the facts in relation to the breach of the contract is a matter of fact to be submitted to a jury. And if there was a breach, the measure of damages and compensation should, under instruction of law by the court, be determined by a jury. We are of the opinion that the plaintiff has a full and adequate remedy at law.

### Decree.

And now, June 6, 1921, this cause came on to be heard at this term and was argued by counsel, and, upon consideration thereof, it is ordered, adjudged and decreed that this cause be certified to the law side of the court, at the costs of the plaintiff, in accordance with the provisions of the Act of June 7, 1907, P. L. 440.

**From James L. Schaadt, Allentown, Pa.**