## Downing v. Schearer et al.

*Beneficial associations—Meeting—Authorization to officers to dispose of property—Bill in equity by minority—Demurrer—Right of member to file bill.*

1. A member of an unincorporated beneficial association may maintain a bill in equity against the officers of the association to protect the interests of the association and prevent the disposal of its property against the wishes of the minority. Where threatened or consummated wrongdoing on the part of the officers is clearly alleged in the bill, the plaintiff need not first apply to the association for measures of redress.

2. A demurrer to a bill in equity, containing a prayer asking that the officers of the association be directed to deliver over all of the property in their possession to the association, will be overruled where the bill alleges that the officers were unfaithful to their trust and were contemplating an unlawful diversion of the property.

Demurrer to bill. C. P. Berks Co., Equity Docket, 1921, No. 316.

*Samuel E. Bertolet* and *Robert G. Bushong,* for plaintiff.

*Joseph R. Dickinson,* for defendants and demurrer.

ENDLICH, P. J., March 25, 1922.—This bill is brought by a member of Berks Chamber No. 101, Order of the Companions of Friendship, of Reading, Pa., against the officers of the chamber and the Northeastern Trust Company of Reading to prevent an alleged contemplated diversion of the funds and property of the chamber to improper, unauthorized and illegal purposes; that organization being an unincorporated beneficial association operating on the lodge system, having a membership of 143, and owning, besides other property (consisting of the chapter and by-laws of the chamber, regalia, books of records, pictures, crockery, flags, etc.), a deposit in the Northeastern Trust Company of $500. The object of the defendants is set forth in the bill as follows:

"5. On Sunday, December 4, 1921, contrary to the Constitution and By-laws of the said Order, a special meeting was held at Knights of Friendship Hall, No. 113 North Eighth Street, Reading, Penna., at 2.00 P. M., without proper notice to the members of said Berks Chamber No. 101, of the time, place, and nature of the business to be transacted thereat. Said meeting was attended by not more than 25 members, including the above-named defendants named as officers, out of a total membership of 143.

"6. The said meeting illegally directed the payment of certain bills, and passed a resolution severing connection of said Berks Chamber No. 101 with the Grand Chamber aforesaid, directing the surrender of the charter of said Chamber, and withdrawing the funds of said Chamber from the treasury. Said meeting further resolved to continue the said organization as an independent association under the name, as your orator is informed, of Ladies' Auxiliary to the Knights of Friendship.

"7. In pursuance of the illegal action taken at said meeting held December 4, 1921, said defendants, named as officers, removed the charter, books, emblems, regalia and other property of said Berks Chamber No. 101 from the official headquarters of said Chamber at No. 612 Court Street (third floor), Reading,

2 D. & C.

Penna., and threatened to pay out and withdraw the funds of said Chamber from said Northeastern Trust Company and divert them to improper, unauthorized and illegal uses."

The prayers of the bill are that the action taken at the meeting of Dec. 4. 1921, be declared null and void; that the defendants named in the bill as officers be directed to deliver over all the property in their possession to the said Berks Chamber No. 101; that the defendants be restrained by injunction from withdrawing or transferring or in any wise interfering with the funds of Berks Chamber No. 101 now on deposit in the Northeastern Trust Company, or in any way meddling with the property of the said Berks Chamber No. 101, and restraining the Northeastern Trust Company from paying any of the funds in its hands belonging to the Berks Chamber No. 101 to any one other than the properly constituted and authorized officers of said Berks Chamber No. 101.

The defendants, not including the Northeastern Trust Company, have demurred to the bill on the grounds: (1) That plaintiff is not a proper party to maintain it; (2) that the society is the only party that can maintain it; (3) that the bill does not show that the plaintiff made any complaint to the association or any effort to have it take action upon a complaint; and (4) that the defendants appear to be the legal custodians of the property of the association and cannot be ordered to deliver the same to any other party.

There can be no question of jurisdiction in this case: see Williams v. District Executive Board, U. M. W. of A., 1 D. & C. 31, and cases there collated. In cases of incorporated societies, it is an established rule that a member cannot sue the officers in a separate action at law for damages sustained by their wrongdoing: Craig v. Gregg, 83 Pa. 19, but may maintain a proceeding in equity to protect the interests of the association: Craig v. Gregg, 83 Pa. 19; Watts's Appeal, 78 Pa. 370; Building Association's Appeal, 83 Pa. 441, and see Kerr v. Trego, 47 Pa. 292. The rule seems to obtain in New York that in such an action, when the alleged illegal act is still in contemplation and not consummated, the plaintiff must first apply to the association to instigate measures of redress, and that the facts of the complaint made to, and the rebuff received from, the association must be set forth in the complaint: Greaves v. Gouge, 69 N. Y. 154 — a rule which, under the Pennsylvania decisions above cited, does not appear to be recognized in this State, where threatened or consummated wrongdoing on the part of the officers of the association is clearly alleged.

It is hardly needful to add that, as is abundantly apparent from the decisions in Gorman v. O'Connor, 155 Pa. 239, and Kayley v. McCourt, 235 Pa. 304, cited in Lewis v. Haas, 14 Berks Co. L. J. 80, there is no power in the majority of the membership of a beneficial association to dispose of the property of the society against the wishes of the minority.

It may, however, be observed that the last ground of demurrer cannot be regarded as of serious weight where, as here, the allegation is (and, of course, the demurrer admits) that the parties in control of the affairs of the association are unfaithful to their trust and are contemplating an unlawful diversion of the property of the association.

There seems to be no reason why the principles stated should not be applied in this case. So applied, they require that the demurrer be overruled, with leave to defendants to answer.

The demurrer is overruled, with leave to defendants to answer.

From Wellington M. Bertolet, Reading, Pa.