## Milasinovich, Appellant, *v.* Milasinovich.

*Trusts—Trustees—Resulting trusts—Equity.*

In a suit in equity to enforce a resulting trust, the bill is properly dismissed, where the evidence is not of the clear convincing character necessary to establish a resulting trust. Where there was sufficient evidence to support the findings of the judge, sitting as chancellor, the appellate court will not disturb them on appeal.

The court having found that there was no resulting trust in the defendant, the bill was properly dismissed. It is only where equity retains jurisdiction of the subject matter that it will give a complete remedy and dispose of every subject embraced within the circle of contest. Where it is determined that the plaintiff had no grounds for his suit in equity, he is left to pursue his legal remedies, if any, in a court of law.

Argued April 27, 1926. Appeal No. 73, April T., 1926, by plaintiff, from decree of C. P. Allegheny County, July T., 1923, "A," No. 989, in Equity, in the case of Milos Milasinovich v. Marko Milasinovich. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity to enforce a resulting trust.  Before KLINE, J.

,The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.  Plaintiff appealed.

*Errors assigned,* were various findings of fact, conclusions of law and the decree of the court.

*Andrew G. Smith,* for appellant.

*Joseph F. Mayhugh,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

Plaintiff filed this bill in equity to enforce a resulting trust as to real estate standing in the name of defendant, the consideration money for which, it was alleged, had been paid by plaintiff.  The defendant denied the trust, and averred that he had bought the property for himself and had himself paid the purchase money.

The property was conveyed to defendant by Catherine Davis Kelly by deed dated December 12, 1921, and recorded December 15, 1921.  The consideration was $2,750, $1,000 of which was paid as hand money on December 8, 1921, and the balance on December 15, 1921, on the delivery of the deed.  The decision of the case practically turned on how this money was paid.

Plaintiff contended that defendant acted as his agent in the purchase of the property because of the latter's better knowledge of English; and that he (plaintiff) paid for the property by withdrawing $1,000 from bank, by securing a loan of $750 from his father-in-law and by borrowing $1,000 from the defendant; all of which the plaintiff paid over to the owner, Mrs. Kelly, title being taken in the name of the defendant as security for his loan.

Defendant, on the other hand, averred that the plaintiff owed him $550 at the time the negotiations for the purchase of the property opened; that he, (defendant), bought the property for himself, with the understanding that he would allow plaintiff to occupy it as a tenant at the same rent the tenant then in possession was paying; that plaintiff lent him the $1,000 hand money and before the time of settlement gave him $750 more, of which $190 was a loan and $550 a repayment of the amount due by plaintiff to defendant before referred to; that with the money thus lent him by defendant ($1,190) and his own funds ($1,010 and $550) he paid Mrs. Kelly and took title in his own name and for his own account.

Each party claimed that the money furnished him by the other was a loan; there was no contention of a joint purchase.

Testimony tending to corroborate or strengthen his story was introduced by each of the parties at the trial.

The court below not being satisfied that the evidence on behalf of the plaintiff was of that clear and convincing character necessary to establish a resulting trust, (Jourdan v. Andrew, 258 Pa. 347, 353), decided the question of fact in favor of the defendant and dismissed the bill. As there was evidence in plenty to support the findings of fact of the judge, sitting as a chancellor, this court will not disturb them on appeal, even though our conclusion might be different on the testimony brought up on the record: Byers v. Byers, 208 Pa. 23, 26; Steinmeyer v. Siebert, 190 Pa. 471, 475.

It is unnecessary to discuss the fourteen assignments of error in detail. With the main finding of fact adverse to the plaintiff the remaining assignments are of minor importance and could not influence the decision. If, as the court below in effect found, the defendant acted for himself in the purchase of the

property and paid the owner the full consideration money, (part of which he borrowed for the purpose from the plaintiff), and took the deed in his own name as the actual purchaser, the other matters involved in the plaintiff's assignments of error, such as when the plaintiff entered into possession of the property, what repairs he made upon it, the use he made of it, etc., become inconsequential and cannot affect the decree in the case.

The court having found that there was no resulting trust in the defendant, the bill was properly dismissed: Edwards v. Edwards, 39 Pa. 369, 378. If plaintiff is no more than a loan creditor of the defendant, he must seek his remedy on that score at law. It is only where equity retains jurisdiction of the subject matter that it will give a complete remedy and dispose of every subject embraced within the circle of contest. Where it is determined that the plaintiff had no grounds for his suit in equity, he is left to pursue his legal remedies, if any, in a court of law: P. A. Ahl's App., 129 Pa. 61, 62, 64; Mercantile Library Co. v. University of Penna., 220 Pa. 328, 334; Silvis v. Clous, 1 Pa. Superior Ct. 41.

The appeal is dismissed, without prejudice to the appellant's right to bring his action at law for the money, if any, yet due him by defendant. Costs to be paid by appellant.