Werner, Appellant, *v.* Hillman C. & C. Co. et al.

Argued April 13, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

504

*Walter E. Glass,* and with him *William A. McGuire* and *James B. Landis,* for appellant.

*Charles H. Ealy* of *Uhl & Ealy,* and with him *Charles F. Uhl, E. O. Koser, Thomas Watson* and *R. M. Steffler,* for appellees.

OPINION BY BALDRIGE J., July 14, 1932:

The appellant, as prothonotary of Somerset County, furnished five certified copies of certain records in his office to J. S. Brennan, secretary of an unincorporated organization, known as Somerset County Coal Operators' Association, composed of a number of coal companies. The copies of the records so furnished were made by one operation on a typewriter and consisted of an original and four carbon manifolds. The appellant filed a bill in equity, claiming to recover, under the Fee Bill of April 2, 1868, P. L. 3, the sum of two cents for every ten words in each of the five copies. From a decision in his favor, an appeal was taken to the Supreme Court, resulting in reversal of the decree of the lower court, and the record was remitted for further proceedings. See Werner v. Hillman Coal & Coke Co., 300 Pa. 256.

The appellant, in his replication filed, averred that no contract existed between the parties, other than that which arose by implication of law. He amended

his pleadings, after the case was remitted by the Supreme Court, and alleged and attempted to prove that Brennan made an express contract to pay him at the same rate for the carbons as for the original copy. The appellee objected to this shift in position and contended that the amendment was contrary to the order of the Supreme Court—that his recovery should be based on a quantum meruit; and, further, that he was attempting to introduce a new ground for recovery— in effect, he was instituting another action in violation of the rule laid down in Roney v. Westlake, 216 Pa. 374. Be that as it may, the learned court below found as a matter of fact that there was no express contract, and stated that "after a careful consideration of the whole case, in the light of the opinion of the Supreme Court, and the evidence taken upon a re-hearing, we think that the sum of five cents per page, for each of the four carbon copies is not only 'fair and reasonable compensation' for 'the extra expense and services in producing the carbons,' but is most liberal and adequate reward for the expenses incurred and services performed by the plaintiff." These findings are supported by competent evidence, and are conclusive: Byers v. Byers, 208 Pa. 23; MacDougall v. Citizens Natl. Bank, 265 Pa. 170; Milasinovich v. Milasinovich, 88 Pa. Superior Ct. 196.

The decision of the Supreme Court in Werner v. Hillman Coal & Coke Co., supra, very definitely eliminated a recovery under the Fee Bill of 1868, which seemed to be a guide for many of plaintiff's witnesses, and limited the recovery to a quantum meruit. Mr. Justice SIMPSON, in the course of his opinion (p. 265), said, "We agree, however, that it would be unjust to allow defendants to receive and retain, as they have done the four manifolds without paying for them...... Consequently, as admittedly defendants received certain carbon manifolds, payment for them, despite some earlier decisions apparently to the contrary, must be

made on the basis of a quantum meruit; that is, plaintiff is entitled to receive what is a fair and reasonable compensation for the extra expense and services in producing the carbons, without considering whether the payment to be received for the original copy is or is not adequate compensation for that work.''

What were the services reasonably worth? The actual expense incurred by plaintiff in having the four manifolds made was two and a half cents per page. Of course, the comparing, correcting and certifying justified a little additional charge. But the public policy forbids a public officer, with discretionary power, to make charges that amount to financial imposition: Shields v. Latrobe-Connellsville Coal & Coke Co., 239 Pa. 233. To charge fifty cents for that which cost, including all services, but a trifle more than two and a half cents was not within either the spirit or the letter of the Supreme Court's decision, and the learned court below very properly so stated.

No reason has been advanced that warrants us in disturbing the determination reached by the court below. We are all in entire accord therewith.

Decree is affirmed.